IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IBRAHIM AHMAD                  :
        Petitioner             :
                               :
        vs.                    :    CIVIL NO. 1:CV-09-1071
                               :
WARDEN JERRY C. MARTINEZ,      :
        Respondent             :


                         *M E M O R A N D U M*

I.  *Introduction*

        Ahmad Ibrahim, an inmate at LSCI-Allenwood, White Deer, Pennsylvania, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. According to Petitioner, the Bureau of Prisons (BOP) decided to place him in a residential reentry center (RRC) for only the last six months of his sentence, and he asserts this violates the Second Chance Act of 2007. That act modified 18 U.S.C. § 3624(c), the provision governing the BOP's authority to permit prerelease custody in an RRC or by way of home confinement. Specifically, Ibrahim argues that the April 14, 2008, memorandum the BOP issued to provide guidance on implementing the act conflicts with the act by effectively restricting RRC

placements to six months when the act expanded such placements to twelve months.[1]

Ibrahim's challenge is to the execution of his sentence, and so he may proceed under 28 U.S.C. § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005). After review of the parties' arguments, we will deny the petition because the record shows that Petitioner was not granted any RCC placement at all and hence cannot complain about any supposed BOP persistence in restricting inmates to the old six-month limitation.

II. *Background*

Petitioner pled guilty in the United States District Court for the District of New Jersey to conspiracy to commit mail fraud and identity theft. On July 2, 2008, he was sentenced to fifty-six months' imprisonment and three years' supervised release. His projected release date is May 23, 2010, by way of good-conduct time. The state of New Jersey has lodged a detainer against him.

Petitioner's claim is based on the Second Chance Act, effective April 9, 2008, which amended 18 U.S.C. § 3624(c) to authorize the BOP to allow pre-release RRC placements for up to

---

[1] The act also modified 18 U.S.C. §§ 3621(b), the provision governing the BOP's authority for placing inmates in, and transferring them to, correctional facilities, but not in a way relevant to this action.

2

twelve months, as opposed to the old period of six months.[2] Shortly after passage of the act, the BOP issued its April 14, 2008, memorandum providing guidance on how the act would be implemented. (Doc. 7-2, CM/ECF pp. 11-19).[3] The memorandum recognized that inmates were entitled to individualized consideration for placement in an RRC and that the time period had

---

[2] In pertinent part, section 3624(c) now reads:

(c) Prerelease custody.--

(1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

. . . .

(6) Issuance of regulations.--The Director of the Bureau of Prisons shall issue regulations . . . which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--

(A) conducted in a manner consistent with section 3621(b) of this title;

(B) determined on an individual basis; and

(C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

8 U.S.C. § 3624(c). A community correctional facility (CCC) is the same as an RRC.

[3] The BOP has since issued new regulations to effectuate the Second Chance Act. *See* 28 C.F.R. §§ 570.20-570.22 (effective Oct. 21, 2008).

3

been expanded to twelve months. However, it ended with the following observation in section III.D:

> **Regional Director Approval Required for Pre-Release RRC Placement Beyond Six Months** - While the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

(*Id.*, p. 14).

Petitioner alleges that the respondent warden has advised him that his RRC placement will be five to six months. (Doc. 1, Petition, ¶ 7). However, Respondent maintains that the BOP refused Petitioner any time at all in an RRC, deciding to keep him confined in a federal prison until his projected release date of May 23, 2010. According to the Response, on May 19, 2009, Ibrahim's unit team denied him placement in an RRC based on the following factors: (1) Petitioner should be able to secure gainful employment after his incarceration based on his extensive history of business operations, (2) Petitioner has support from his family; and (3) the New Jersey detainer creates a possibility of flight risk. (Doc. 7, p. 3).

We therefore have a factual dispute as to whether Petitioner was granted six months in an RRC or no time at all, but we resolve it in Respondent's favor because Respondent has

4

submitted Ibrahim's sentence monitoring computation data, which indicates he has been denied any RRC placement at all. (Doc. 7-2, CM/ECF p. 63).[4]

III. *Discussion*

A federal prisoner must exhaust his administrative remedies before filing a section 2241 petition, *Moscato v. Fed. Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir. 1996), and Respondent points out that Petitioner has failed to exhaust here. We reject the exhaustion argument on the claim against the April 14, 2008, memorandum as that claim is against the memorandum itself, and not the individual result in Petitioner's case. *See Woodall*, *supra*, 432 F.3d at 239 n.2.

Petitioner's claim is based on *Strong v. Schultz*, 599 F. Supp. 2d 556 (D.N.J. 2009), where the section 2241 petitioner challenged the BOP's decision, made in reliance on the April 14, 2008, memorandum, to give him six-months RRC placement. Granting the writ and remanding for consideration without regard to the memorandum, the district court reasoned that the memorandum conflicted with the Second Chance Act in two ways: first, in

---

[4] As to the factors given for the denial, we observe that the evidentiary support that these were the actual reasons why Petitioner was denied RRC placement is thin. As noted, Respondent submitted Ibrahim's sentence monitoring computation data, enough to determine that he was not given an RRC placement. He also submitted a "current program review," dated July 20, 2009 (doc. 7-2, CM/ECF p. 50) indicating that the stated factors are present in Petitioner's case. However, he submitted no document or declaration connecting the denial to the stated reasons.

5

noting that an inmate's pre-release needs "can usually be accommodated by a placement of six months or less," and, second, by requiring the warden to obtain the approval of the BOP's regional director if the staff "determine[s] that an inmate's placement "may" need to be "greater than six months." 599 F. Supp. 2d at 563. In the court's view, this language "impermissibly constrain[ed] staff's discretion" for an RRC placement in accord with the Second Chance Act's requirement, codified in section 3624(c)(6)(C), that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 599 F. Supp. 2d at 563.

The difficulty for Petitioner in relying on *Strong* is that the BOP did not give him a six-month RRC placement. It decided instead that he did not need RRC placement at all in order to reintegrate him into the community. Hence *Strong* is distinguishable as the BOP could not be said to have been constrained by the language of the April 14, 2008, memorandum found objectionable by the court in *Strong*.

Petitioner argues for the first time in his reply brief that the BOP failed to address whether he was more properly suited for home confinement under section 3621(b) or section 3624(c), that the reasons stated for denying RRC confinement actually support home confinement, and that the refusal to grant any RRC placement at all works against his successful reintegration into the community. We will not address this claim because it goes to

the result in Petitioner's individual case and therefore requires exhaustion. *See Moscato*, *supra*.

Petitioner also argues in his reply brief that the detainer should not be an issue because, while he admits that a detainer is a valid reason for not granting RRC placement, (doc. 7-2, program statement 7310.04, CM/ECF p. 31), he was advised that if the detainer were resolved, Petitioner would still be considered only for a six-months placement. We reject this argument because the detainer has not been resolved.

We will issue an appropriate order.[5]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 10, 2009

---

[5] There is no need to appoint counsel, as requested in Petitioner's reply, since the petition lacks merit. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991).

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


IBRAHIM AHMAD                    :

        Petitioner               :
                                 :
        vs.                          CIVIL NO. 1:CV-09-1071
                                 :
WARDEN JERRY C. MARTINEZ,        :

        Respondent               :
```

*O R D E R*

AND NOW, this 10th day of September, 2009, it is ordered that:

    1. The petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

    2. The Clerk of Court shall close this file.

                                 /s/William W. Caldwell  
                                   William W. Caldwell  
                                   United States District Judge